**Delco L. CORNETT, Plaintiff,**

v.

**MANUFACTURERS HANOVER TRUST COMPANY, Simpson Thacher & Bartlett, John W. Ohlweiler, Sheri Frumer, William P. McCooe and John F. McGillicuddy, Defendants.**

No. 87 Civ. 7005 (RO).

United States District Court,
S.D. New York.

April 25, 1988.

As Amended June 6, 1988.

Delco L. Cornett, pro se.

Simpson Thacher & Bartlett, New York City (Albert X. Bader, of counsel), for defendants Mfrs. Hanover Trust Co., John W. Ohlweiler, Sheri Frumer, and John F. McGillicuddy and appearing pro se for defendant Simpson Thacher & Bartlett.

Caren S. Brutten, Asst. Atty. Gen., State of N.Y., New York City, for defendant William P. McCooe.

## MEMORANDUM AND ORDER

OWEN, District Judge:

Before me is a *pro se* plaintiff's complaint seeking $1,000,000,000 compensatory damages on RICO and civil rights theories and $1,000,000,000 in punitive damages. Defendants move to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6); all defendants besides Justice McCooe of the New York State Supreme Court also move for sanctions under Fed.R.Civ.P. 11. Plaintiff named the following as defendants: Manufacturers Hanover Trust Co. and its chief executive officer, John F. McGillicuddy; Manufacturer's attorneys, Simpson Thacher & Bartlett; John Ohlweiler and Sheri Frumer, both attorneys at the firm; and Justice William P. McCooe.

Plaintiff Cornett alleges that Justice McCooe deprived him of his right of access to federal court, a violation of 42 U.S.C. § 1983, by ordering that Cornett "not ... make any further motions or commence any new actions relating to the subject matter of this and the prior complaints without the permission of this Court which must be preceded by a motion with notice to defendant's counsel." In addition, plaintiff alleges that Manufacturers committed RICO violations under 18 U.S.C. § 1961 *et seq.;* that attorneys Frumer and Justice McCooe conspired to threaten and tamper with him as a witness to "felonious acts" in violation of 18 U.S.C. § 1512; and that defendants engaged in mail fraud by filing "false and misleading documents with the New York State Supreme Court which stated that my charges of criminal acts by an officer of Manufacturers Hanover Trust Company were fabrications."

■ First, Justice McCooe's order does not encompass proceedings in federal court, but is instead directed to any future state court proceedings plaintiff might bring relating to plaintiff's allegations against Manufacturers. Accordingly, he has failed to show a deprivation of constitutional rights under 42 U.S.C. § 1983 and his claim is dismissed under Fed.R.Civ.P. 12(b)(6).

■ Plaintiff's claims under RICO must be dismissed as well. He has failed to plead the substantive elements of his RICO claim with any degree of particularity, as required in this circuit; *see Anisfeld v. Cantor Fitzgerald & Co., Inc.,* 631 F.Supp. 1461, 1466 (S.D.N.Y.1986). Moreover, the complaint with its attachment (a copy of a letter from plaintiff to defendant McGillicuddy describing the alleged fraud of Manufacturers' employees) describes only one allegedly fraudulent transaction and consequently does not satisfy the statute's requirement of a "pattern" of racketeering activity—let alone "enterprise." *Creative Bath Products, Inc. v. Connecticut General Life Insurance Co.,* 837 F.2d 561, 564 (2d Cir.1988); *see also Anisfeld, supra,* 631 F.Supp. at 1466.

■ Finally, plaintiff's allegations that the attorney defendants and Justice McCooe "did agree, conspire, and work in concert to threaten and tamper with a witness" must fail. Neither Justice McCooe's order, nor attorney Frumer's oral request for such order, constitutes intimidation, threats or misleading conduct with the intent to obstruct legal processes as described in 18 U.S.C. § 1512. The order, as described *supra,* was intended merely to control plaintiff's litigious conduct in state

**80**

court. Accordingly, the witness tampering claim is dismissed as well under Fed.R.Civ. P. 12(b)(6).

■ From the foregoing, under Fed.R. Civ.P. 11 defendants Manufacturers, McGillicuddy, Simpson Thacher & Bartlett, and Ohlweiler and Frumer are hereby awarded the costs and attorneys fees incurred on this motion. The present action is the fourth in a series of suits against the same defendants (except Justice McCooe, who has been added here) arising out of the same alleged activities. All of the previous claims were dismissed in state court. Plaintiff can no longer rely on his *pro se* status to avoid a finding that the complaint is frivolous or to avoid a conclusion that he had no reasonable basis for asserting the claims in his federal court complaint. *See Cavallary v. Lakewood Sky Diving Center*, 623 F.Supp. 242, 245–46 (S.D.N.Y. 1985). The said defendants are to file affidavits as to their costs and fees within fourteen days of the date of this Order; plaintiff may file appropriate papers in opposition within fourteen days thereafter.

So ordered.