972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George R. FORD, Plaintiff-Appellant,
v.
BENSON TITLE; Commonwealth Insurance, Inc.; Edwardsville
State Bank; Norman Steffey; Gary L. Hall;
William M. Modrcin, Defendants-Appellees.
 No. 91-3349.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant, appearing pro se, brought this action against Defendants alleging violations of the Sherman Anti-Trust Act, 15 U.S.C. § 1, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962-1968, and Kansas state law. Upon motions by two of the Defendants, the district court dismissed Plaintiff's anti-trust and RICO claims, pursuant to Fed.R.Civ.P. 12(b)(6), for failing to state claims upon which relief could be granted. The district court found that Plaintiff's allegations of restraint of trade did not implicate interstate commerce as necessary for a valid anti-trust claim. The district court also determined that Plaintiff had not alleged the basic elements of a RICO cause of action much less met the requirement of pleading the RICO claim with particularity. Because federal court jurisdiction depended on the existence of the dismissed federal law claims, the district court dismissed Plaintiff's pendent state law claims and then dismissed the case as to all Defendants.
 
 
 3
 Plaintiff raises three issues on appeal: (1) whether Defendants' allegedly concerted actions constituted an unreasonable restraint of trade affecting interstate commerce, as proscribed by the Sherman Anti-Trust Act; (2) whether Plaintiff alleged sufficient facts to adequately plead a RICO claim; and (3) whether a Plaintiff proceeding pro se needs to plead a civil RICO claim with particularity under Fed.R.Civ.P. 9(b).
 
 
 4
 We note first that Plaintiff has already been before this Court once appealing dismissal of anti-trust, RICO, and state law claims arising out of the same transactions involved here. Ford v. Hall, No. 86-2261 (10th Cir. July 1, 1988). One of the Defendants (Hall) in the current case was also a defendant in the earlier case. Moreover, the district court dismissed the earlier case for the same reasons it dismissed the present one--failure to state claims for relief under the federal causes of action and lack of jurisdiction for the state law causes of action. We affirmed.
 
 
 5
 In the current case, we again affirm the district court. For substantially the same reasons as the district court gave, we hold that Plaintiff failed to state valid anti-trust and RICO claims and that Plaintiff's state law claims should be dismissed for lack of jurisdiction.[1]
 
 
 6
 Additionally, we find no merit in Plaintiff's contention that as a pro se Plaintiff, he should not be required to plead RICO claims with particularity pursuant to Fed.R.Civ.P. 9(b). While a pro se Plaintiff's pleadings are to be construed liberally, this "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). See Cornett v. Manufacturers Hanover Trust Co., 684 F.Supp. 78, 79 (S.D.N.Y.1988) (dismissing pro se plaintiff's RICO complaint for failing to plead with particularity), aff'd, 902 F.2d 1556 (2d Cir.1990), cert. denied, 111 S.Ct. 754 (1991).
 
 
 7
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We also note that Plaintiff's anti-trust and RICO claims are likely barred by the four-year statute of limitations applicable to those claims. Because we affirm the district court on other grounds, we need not decide this issue